IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. CARRARA, )
)
      Plaintiff, )
)
  -vs- )   Civil Action No.  13-1123
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff states that he filed his application for supplemental security income on April 28, 2011, alleging he had been disabled since January 1, 2000. (ECF No. 9, p. 1).(ECF No. 6-5, p. 2).[1] Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on March 3, 2012. (ECF No. 6-2, pp. 36-77). On June 1, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 21-32). After exhausting all administrative remedies, Plaintiff filed this action.

---

[1] The docket indicates that the application was filed on May 11, 2011. (ECF No. 6-5, p. 2).

1

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weight given to Plaintiff's treating physician

Plaintiff first argues that the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Dr. Catherine Coras. (ECF No. 9, pp. 8-10). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the

3

issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Dr. Coras filled out a Pennsylvania Department of Public Welfare Employability Assessment form on March 31, 2011. (ECF No. 6-7, pp. 2-3). Therein, Dr. Coras simply checked the box that stated Plaintiff was "temporarily disabled" from 3/31/11 through 3/31/12. *Id.* She then merely stated that it was based on a clinical history and a review of medical records with a diagnosis of "HIV, Hepatitis C, Diabetes, Hypertension and Deplipdenia." *Id.* The ALJ gave little weight to the opinion of Dr. Coras set forth in the form because it was inconsistent with Plaintiff's conservative treatment history, inconsistent with Plaintiff's varied activities of daily living, Dr. Coras failed to provide any meaningful explanation as to why she found the Plaintiff disabled, and ultimate determinations of disability are reserved for the

4

Commissioner. (ECF No. 6-2, p. 30). In summary fashion, Plaintiff argues that the reasons set forth by the ALJ for giving little weight to Dr. Coras' opinion are inadequate. (ECF No. 9, pp. 9-10).

After a review of the record, I find the reasons stated by the ALJ for assigning little weight to Dr. Coras' checked box form to be supported by substantial evidence of record. *See, Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (An ALJ can provide more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record). Furthermore, ultimate questions of disability are reserved for the ALJ to determine. 20 C.F.R. §§ 404.1527*,* 416.927*.* The ALJ's opinion is supported by substantial evidence of record. *See,* ECF No. 6-8, pp. 3, 13, 17, 18, 20, 42; No. 6-10, p. 8; No. 6-6, p. 51. Based on the same, I find no error in this regard on the part of the ALJ.

    **C.**     **Residual Functional Capacity (RFC)**[2]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 9, pp. 10-13). To support this statement, however, Plaintiff argues that "there is substantial evidence that Plaintiff is not physically or mentally able to do the work noted in the Residual Functional Capacity determined by the Administrative Law Judge." (ECF No. 9, p, 10). Then, Plaintiff lists evidence he believes supports a finding that he is disabled. (ECF No. 9, pp. 10-13). The standard, however, is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding, as the

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Plaintiff recognizes in his topic heading. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, I find no merit to this point.

### D. Vocational Expert

Plaintiff argues that the ALJ erred in failing to accept the testimony of the vocational expert regarding Plaintiff's need to engage in obsessive compulsive behavior "as supported by Plaintiff's testimony." (ECF No. 9, pp. 13-14). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, there is no objective evidence to support a finding that Plaintiff would miss two or more days of work a month due to his alleged OCD. The only evidence is Plaintiff's testimony and the ALJ found Plaintiff to be not fully credible. Thus, based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

### E. Subjective Complaints of Pain

Plaintiff argues that the ALJ erred in discounting Plaintiff's testimony regarding his subjective mental health complaints and his complaints of pain. (ECF No. 9, pp. 14-16). In determining if a Plaintiff is disabled, the ALJ must consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.*

As the ALJ in this case stated, he must follow a two-step process: First, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, the ALJ must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (ECF No. 6-2, p. 26). Allegations of pain must be consistent with objective medical

6

evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.,* 220 F.3d 112, 121 (3d Cir. 2000). In this case, the ALJ explained his reasons for discrediting Plaintiff's subjective testimony and pointed to other medical and non-medical evidence of record that was not consistent with Plaintiff's subjective complaints. *See,* ECF No. 6-2, pp. 26-31. I have reviewed the same and found the ALJ's reasons to be supported by substantial evidence. *Id.*

Plaintiff attempts to argue that that the ALJ's reliance on Plaintiff's lack of earnings during a period of time that he had been found disabled as a basis to find Plaintiff's testimony not credible was error. (ECF No. 9, p. 16). I disagree. With regard to Plaintiff's work history, the ALJ found that Plaintiff had not reported any earnings since 1997. (ECF No. 6-2, p. 29). As a result, the ALJ found that Plaintiff's "work history does not lend great support to the credibility of his statements about his inability to work because of his subjective complaints." (ECF No. 6-2, p. 29). While it appears as though Plaintiff was found to be entitled to disability insurance benefits, this finding was not until 2001. (ECF No. 6-6, p. 2). Thus, there was a four year period for which Plaintiff did not work. Thus, I find no error in this regard.

Furthermore, the ALJ's determination of Plaintiff's credibility was not based solely on Plaintiff's work history. (ECF No. 6-2, p. 29). Rather, it was based on a number of things, including, *inter alia,* Plaintiff's daily activities of living and Plaintiff's medical evidence of record. *Id.* Therefore, even if the ALJ erred with regard to Plaintiff's work history, such error would be harmless.

Therefore, based on my review of the record, there is substantial evidence to support the ALJ's conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not credible. *Id.* Consequently, remand is not warranted on this basis.

### F. Failure to Order Consultative Psychological Evaluation

Plaintiff's final argument is that the ALJ failed to order a consultative psychological evaluation. (ECF No. 9, pp. 17-18). Plaintiff's counsel requested that the ALJ order a consultative psychological evaluation and the ALJ stated that he would take that request "under advisement." (ECF No. 6-2, pp. 39-40). The ALJ did not order the same and made no mention of the request in his opinion. *See,* ECF No. 6-2, pp. 21-32. Plaintiff argues the failure to order the examination and the failure to mention why he did not order the examination in his decision were errors. (ECF No. 9, p. 18).

The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a).

Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. I find no conflicts or ambiguities in the medical records that would have necessitated a consultative examination. The record was sufficient such that the ALJ could make a proper determination. Plaintiff had conservative mental health treatment. (ECF No. 6-10, pp. 32-34; 6-13, pp. 13-14). Additionally, there was an opinion of a state agency psychiatrist, Dr. Melissa Diorio. (ECF No. 6-3, pp. 2-4). Based on the above, I find that ALJ was able to make a proper disability determination and was not required to obtain a consultative psychological examination. I further find that the ALJ was not required to make note in his opinion that he did not order a consultative examination. Thus, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. CARRARA, )
                                      Plaintiff, )
      -vs- )    Civil Action No. 13-1123
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
                                    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 19th day of May, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge